UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALEX HALE,

    Plaintiff,

    v.   CAUSE NO. 3:22-CV-1041-DRL-MGG

QUINTON DAVIS *et al.*,

    Defendants.

OPINION AND ORDER

Alex Hale, a prisoner without a lawyer, filed a complaint alleging his constitutional rights were violated at the Westville Control Unit. ECF 26. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Hale alleges that, on October 31, 2022, Officer Quinton Davis and Officer Joshua Robinson pulled Mr. Hale out of his cell to talk with Lt. Kritlen about a dispute Mr. Hale had with another officer. As Mr. Hale was trying to explain what happened, Officer Davis interrupted, which caused an argument between Mr. Hale and Officer Davis. Officer Davis then choked Mr. Hale and slammed him down in a chair. Mr. Hale then said, "you won't to do that outside these cuffs." ECF 26 at 2. Officer Davis and

Officer Robinson then escorted Mr. Hale to visiting cubicle number four. Officer Davis removed one handcuff and then punched Mr. Hale seven or eight times in the face and two or three times in the ribs, causing serious injuries.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Officer Davis may not have used the force alleged; if he did, he may have had a good faith reason for doing so; but giving Mr. Hale the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, these allegations state a claim.

"[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). Mr. Hale has not plausibly alleged a basis to hold Lt. Kritlen liable for failure to intervene, because it is not clear there was a realistic opportunity to intervene in the events that occurred in Lt. Kritlen's office. However, Mr. Hale may proceed against Officer Robinson on a failure to intervene claim, because it can be plausibly inferred that Officer Robinson would have had a realistic opportunity to intervene during the events that allegedly took place in visiting cubicle number four.

Finally, Mr. Hale preliminary injunction limiting his contact with the defendants. Mr. Hale has not alleged that he has been involved in an ongoing pattern of abuse by the defendants. The mere possibility of future harm is far too speculative to warrant a

preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

For these reasons, the court:

(1) DENIES the request for a preliminary injunction contained in the complaint;

(2) GRANTS Alex Hale leave to proceed against Quinton Davis in his individual capacity for compensatory and punitive damages for using excessive force on October 31, 2022, by choking Mr. Hale, slamming him in a chair, and repeatedly hitting him in the face and ribs, in violation of the Eighth Amendment;

(3) GRANTS Alex Hale leave to proceed against Joshua Robinson in his individual capacity for compensatory and punitive damages for failing to intervene in Quinton Davis's alleged use of excessive force in visiting cubicle number four at the Westville Control Unit on October 31, 2022, despite having a reasonable opportunity to do so, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Lt. Kritlen;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Quinton Davis and Joshua Robinson at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 26);

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Quinton Davis and Joshua Robinson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 30, 2023                                    *s/ Damon R. Leichty*
                                                    Judge, United States District Court